UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K.G. *and* V.G., *individually and on
behalf of* C.O.,

Plaintiffs,

– *against* –

NEW YORK CITY DEPARTMENT OF
EDUCATION,

Defendant.

**OPINION & ORDER**

22-cv-9476 (ER)

RAMOS, D.J.:

K.G. and V.G., the legal guardians of a minor with a disability, bring this action pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA") following an impartial hearing officer's ("IHO") decision in their favor. Before the Court is Plaintiffs' motion for reasonable attorneys' fees and costs for work performed by their attorneys, Spencer Walsh Law, PLLC (the "Firm"). For the reasons set forth below, the motion is GRANTED, subject to the modifications described herein.

I.    **BACKGROUND**

A.  **Underlying Administrative Action**

K.G. and V.G. are the grandparents and legal guardians of C.O., a child diagnosed with Attention-Deficit/Hyperactivity Disorder. Doc. 4 ¶ 5. The New York City Department of Education's Committee on Special Education has classified C.O. as a student with a disability. *Id.* ¶ 8; Doc. 17 ¶ 8. As a result, C.O. is entitled to the protections of the IDEA. 20 U.S.C. § 1400(d)(1)(A).

On September 3, 2019, Plaintiffs filed their initial administrative due process complaint, which they amended on September 18, 2019. Doc. 23-2; Doc. 23-3. The amended complaint alleges that the New York City Department of Education ("DOE") denied C.O. a free appropriate public education ("FAPE") in violation of the IDEA for the 2019–2020 school year. Doc. 23-3 at 2. Plaintiffs requested as relief:  placement of

C.O. in a New York State approved non-public school; transportation to and from school for C.O.; tuition funding; and reimbursement for counseling and Parent Counseling and Training ("PCAT") services. *Id.* at 13.

Plaintiffs also requested a pendency determination for the 2019–2020 school year, pursuant to the stay-put provision of the IDEA. *Id.* at 6. The stay-put provision entitles children protected by the IDEA to remain in their "then-current educational placement" for the pendency of the proceedings. 20 U.S.C. § 1415(j). C.O.'s "then-current educational placement"—detailed in a Findings of Fact and Decision ("FOFD") issued on September 13, 2018 by IHO Gronbach—included reimbursement for counseling and PCAT sessions obtained during the 2016–2017 and 2017–2018 school years. Doc. 23-25 at 2. On this basis, Plaintiffs argued they were entitled to reimbursement for counseling and PCAT sessions obtained during the pendency of the case. Doc. 23-3 at 6.

On September 9, 2019, Dora Lassinger was appointed as the IHO. Doc. 23-4 at 2. On September 23, 2019, IHO Lassinger issued the following pendency order granting Plaintiffs' request:

> Based upon [the FOFD issued on September 13, 2018], and there being no objection, it is hereby ordered that effective September 3, 2019, and during the pendency of due process, the DOE shall continue to fund one session per week of outside individual counseling for the student; and PCAT five sessions per year.

Doc. 23-25 at 3. While the requests for placement, tuition, and transportation were quickly resolved in Plaintiffs favor, Doc. 23-17 at 19, the request for reimbursement of counseling and PCAT costs remained outstanding even after the school year had ended. Doc. 23 at 2. At a hearing on November 6, 2020, counsel for Plaintiffs stated that the DOE had failed to provide reimbursement for counseling and PCAT sessions in disregard of the pendency order. Doc. 23-23 at 50–52. The DOE did not contest this representation. *Id.* On November 14, 2020, IHO Lassinger issued the following FOFD:

> Parent's counsel represented that the DOE had not … reimbursed the guardian for the services which she privately obtained pursuant

to the Order of Pendency; and her representation was not disputed by the DOE. Nor did the DOE explain why the existence of a pendency order which has not been implemented, should preclude concluding this case with an order which directs the implementation of that pendency order.

Therefore, it is hereby ordered as follows:

The DOE shall fund/reimburse the guardian for the cost of 40 sessions of counseling services and 5 sessions of PCAT, for 2019/2020 school year, (to the extent that funding has not already been provided), upon presentation of proof of payment thereof.

Doc 23-4 at 3. The DOE did not appeal this decision. Doc. 17 ¶ 30. In total, the underlying administrative proceeding comprised of three exhibits—the due process complaint, the amended due process complaint, and the FOFD— and thirty-eight minutes of hearing time over nine sessions. Doc. 28 at 13.

On March 29, 2021, K.G. and V.G. submitted a demand for $30,489.56 in attorneys' fees for the Firm's work in the administrative proceeding. Doc. 23 at 6. In a phone call on July 6, 2021, the DOE advised that it did not believe that Plaintiffs had prevailed in the administrative case as Plaintiffs' "requests for relief were entirely resolved through pendency." Doc. 27 at 6. The DOE therefore informed Plaintiffs that it would not make any offer on fees. *Id.*

### B. Action to Recover Attorneys' Fees in Federal Court

On November 7, 2022, Plaintiffs filed a complaint to compel the DOE to pay reasonable attorneys' fees and costs pursuant to the IDEA. Doc. 4 ¶ 14. The DOE answered the complaint on March 9, 2023. Doc. 17. On November 8, 2023, Plaintiffs filed the instant motion. Doc. 23.

The Firm billed 67.2 hours for a total of $16,370.96 in connection with the underlying administrative proceedings, as well as 22.24 hours for a total of $7,192.87 in connection with the instant federal action, resulting in a combined total of $23,563.83. *See id.* at 5–6.

As to the underlying administrative proceeding, Plaintiffs seek the following hourly rates: $375 for named partner Tracey Walsh and senior associate Lauren Druyan; $150 for junior associate Anna Belle Hoots; and $125 for paralegal Sonali Sanyal. *Id.* at 5. As to the instant federal action, Plaintiffs seek the following hourly rates: $500 for named partner Tracey Walsh; $375 for partner Hermann Walz; and $175 for junior associate Sarah Greisman. *Id.* at 6. Plaintiffs also request costs of $400 for the federal filing fee. *Id.* at 2.

On December 13, 2023, the DOE filed its opposition motion. Doc. 28. The DOE disputes Plaintiffs' prevailing party status. *Id.* at 1. The DOE also argues that the hourly rates sought for work in the instant federal action and the number of hours billed for work in both the administrative and federal actions are unreasonable. *Id.* at 9–15.

## II.    LEGAL STANDARD

### A.  Reasonable Attorneys' Fees

"In any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Henlsey v. Eckerhart*, 461 U.S. 424, 437 (1983).

### 1.  Prevailing Party Status

"A plaintiff prevails when actual relief on the merits of [their] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Central School District*, 584 Fed. App'x 17, 18 (2d Cir. 2014) (internal citation and quotation marks omitted). In the context of an IDEA proceeding, a plaintiff who receives IHO-ordered relief on the merits is a "prevailing party." *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 75 (2d Cir. 2005).

*2.  Reasonable Rates*

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Streck v. Board of Education*, 408 F. App'x 411, 415–16 (2d Cir. 2010) (internal citations and quotation marks omitted).  In determining whether an hourly rate is reasonable, courts primarily consider the prevailing market rates in the community for comparable legal services.  *See* 20 U.S.C. § 1415(i)(3)(C) (providing that attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished").  The prevailing market rate has been characterized as "the rate a paying client would be willing to pay bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007).

Courts also consider the twelve factors discussed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019).  Because "the determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011), courts may consider the *Johnson* factors holistically rather than applying each factor individually to the facts of the case.  *V.W. v. New York City Dep't of Educ.*, No. 20-cv-2376 (RA), 2022 WL 37052, at *3 (S.D.N.Y. Jan. 4, 2022) (internal citation omitted).

5

"A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *H.A. v. New York City Dep't of Educ.*, No. 20-cv-10785 (PAE), 2022 WL 580772, at *8 (S.D.N.Y. Feb. 25, 2022) (quoting *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, No. 11-cv-5243 (GBD) (FM), 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014)).

The Second Circuit has observed that "[r]ecycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available under [§ 1415] and compensation available in the marketplace," which would "undermine[ ] [the statute's] central purpose of attracting competent counsel to public interest litigation." *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005). Accordingly, while a court may consider rates awarded in prior similar cases and its "familiarity with the rates prevailing in the district," it should also "evaluat[e] ... [the] evidence proffered by the parties." *Id.*

### 3.  Reasonable Hours

Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount. *T.P. v. New York City Dep't of Educ.*, No. 22-cv-9413 (PAE), 2024 WL 986587, at *4 (S.D.N.Y. Mar. 7, 2024). To determine the reasonableness of hours spent on a matter, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. *Hensley*, 461 U.S. at 436–37. As Justice Kagan has instructed, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees ... is to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 131.

### 4.  Costs

A district court may also award reasonable costs to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The term "costs" includes costs incurred in connection with work yielding fees covered by a fee award, as well as the specific types of costs set out in

28 U.S.C. § 1920, the general provision governing the taxation of costs in federal court. *See Arlington Central School District Board of Educ. v. Murphy*, 548 U.S. 291, 297–98, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006); *G.B. ex rel N.B. v. Tuxedo Union Free School District*, 894 F. Supp. 2d 415, 443 (S.D.N.Y. Sept. 18, 2012).  Commonly compensable costs include reasonable filing costs.  *See* 28 U.S.C. § 1920; *G.B.*, 894 F. Supp. 2d at 443.

### III.    DISCUSSION

To resolve a claim for reasonable attorneys' fees, the court undertakes a two-step inquiry.  First, the court determines whether the party seeking the award is the "prevailing party." *J.G. v. New York City Dep't of Educ.*, No. 23-cv-959 (PAE), 2024 WL 728626, at *2 (S.D.N.Y. Feb. 22, 2024).  If so, the court must then determine if the requested fees are in fact reasonable.  *Id.*

#### A.  Prevailing Party Status

Prevailing party status has been interpreted generously by the Second Circuit.  *See G.B.*, 894 F. Supp. 2d at 424.  "A party need not prevail on all issues … Instead, the party must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.*  For the purposes of the IDEA, a party who receives IHO-ordered relief on the merits of their claim is a "prevailing party." *A.R.*, 407 F.3d at 75.

In their due process complaint, Plaintiffs requested placement of C.O. in a New York State approved non-public school; transportation to and from school for C.O.; tuition funding; and reimbursement for counseling and PCAT services.  Doc. 23-3 at 13. The parties privately resolved the requests for placement, transportation, and tuition, but Plaintiffs' request for reimbursement remained outstanding.  Doc. 23 at 3.  Ultimately, IHO Lassinger resolved the complaint by issuing an FOFD directing the DOE to reimburse Plaintiffs for counseling and PCAT costs.  Doc 23-4 at 3.  She did so after finding that Plaintiffs were entitled to reimbursement pursuant to the stay-put provision of the IDEA and that the DOE had failed to provide reimbursement.  *Id.*  In other words,

Plaintiffs received IHO-ordered relief on the merits of their claim that they were entitled to reimbursement for counseling and PCAT costs.

The DOE challenges Plaintiffs' prevailing party status on three grounds. First, the DOE argues that the FOFD in this case "only attempts to direct the implementation of that pendency order. Thus, on its face, the Order fails to create the material alteration of the legal relationship of the parties' necessary to permit an award of attorneys' fees." Doc. 28 at 7 (internal citations and quotation marks omitted). Second, the DOE argues that agencies cannot enforce their own orders and the FOFD in this case—which directs implementation of a prior pendency order—is therefore unenforceable. *Id.* at 8. Third, the DOE argues that the FOFD is invalid on statutory grounds and, as a result, Plaintiffs have no basis for prevailing party status. *Id.*

All of the DOE's challenges to Plaintiffs' prevailing party status concern the validity of the FOFD. Plaintiffs contend that the DOE waived these arguments when it failed to appeal the FOFD. Doc. 28 at 2. Plaintiffs are correct: a district court's judicial review of an IDEA proceedings is limited to those issues that were both properly raised in the due process complaint and not waived by failure to appeal. *C.H. v. Goshen Central School District*, No. 11-cv-6933 (CS), 2013 WL 1285387, at *10 (S.D.N.Y. Mar. 28, 2013). The DOE responds that its decision not to appeal the FOFD was a strategic decision to preserve resources, not an acknowledgement of the order's validity. Doc. 28 at 8. However, the DOE provides no case law that would indicate these facts constitute an exception to the well-established rule that a party is obligated to appeal "any portion of the IHO decision that 'aggrieved' the party, and failure to do so constitutes abandonment of the claim." *See Phillips v. Banks*, 656 F. Supp. 3d 469, 483 (S.D.N.Y. 2023), *appeal withdrawn*, No. 23-362, 2023 WL 3960841 (2d Cir. June 9, 2023*), appeal reinstated* (July 28, 2023), *and aff'd*, No. 23-362, 2024 WL 1208954 (2d Cir. Mar. 21, 2024). Accordingly, the DOE's protestations that the FOFD was an "ultra vires nullity," Doc. 28 at 10, is properly deemed abandoned.

It necessarily follows, therefore, that Plaintiffs are prevailing parties because the FOFD is an enforceable order that materially altered the relationship between the parties. Specifically, the Plaintiffs sought, and by dint of the FOFD were granted, reimbursement for counseling services. In *Buckhannon*, the Supreme Court held that a "prevailing party" must not only achieve some material change in the relationship between the parties, but that change must also be "judicially sanctioned." 532 U.S. 598, 603 (2001). Because of the reference to judicial action, the *Buckhannon* rule could not apply literally as a test for determining "prevailing party" status in administrative proceedings. *A.R.*, 407 F.3d at 76. The Second Circuit confronted this issue in *A.R.*, when it had to decide if IHO-ordered relief on the merits met the "prevailing party" standard articulated in *Buckhannon*. *Id.* at 68. Ultimately, the Second Circuit found it did:

> An IHO's decision on the merits in an IDEA proceeding does constitute "administrative imprimatur." Although not "judicial," such an order changes the legal relationship between the parties: Its terms are enforceable, if not by the IHO itself, then by a court, including through an action under 42 U.S.C. § 1983. In order to give effect to the IDEA's intent to permit awards to winning parties in administrative proceedings even where there has been no judicial involvement, as the parties agree that we must, we conclude that the combination of administrative imprimatur, the change in the legal relationship of the parties arising from it, and subsequent judicial enforceability, render such a winning party a "prevailing party" under *Buckhannon's* principles.

*Id.* at 76 (internal citations omitted). Accordingly, the Court finds the DOE's challenge to the FOFD and to Plaintiffs' status as prevailing parties to be without merit.

**B. Reasonable Rates**

For the purpose of assessing reasonable rates, the relevant community is the Southern District of New York, where this federal action and the underlying administrative proceedings are centered. The relevant practice area is special education law. The prevailing market rate for experienced, special-education attorneys in the New York area in recent years has been between $350 and $475 per hour. *S.B*, 2024 WL

1406559, at *5.  Judges have recognized, however, that experience may justify somewhat higher rates for the same type of work performed by senior attorneys.  *Id.*

The Court has considered all *Johnson* factors in its analysis for each timekeeper. The following discussion centers on the facts it has found determinative.

The DOE challenges the hourly rates requested by Plaintiffs for work done by the Firm in the instant federal action.  Specifically, the DOE argues that any work performed in connection with a motion for attorney's fees should garner a flat rate of $200 an hour. *Id.*  However, none of the cases cited by the DOE stand for the proposition that a reflexive, blanket rate of $200 per hour is appropriate for federal fees litigation.  In the three examples the DOE provides where the court did assign a particular lawyer an hourly rate of $200 for work on a fees application, the court did so after a fact-sensitive consideration of the *Johnson* factors.  *See C.B. v. New York City Dep't of Educ.*, No. 19-cv-111636 (CM), 2019 LEXIS 26078, at *23 (S.D.N.Y. July 2, 2019) (awarding $200 per hour to attorney with limited legal experience); *F.R. v. N.Y.C. Dep't of Educ.*, No. 22-cv-1776 (VEC) (GWG), 2023 LEXIS 135815, at *17 (S.D.N.Y. Aug. 4, 2023) (awarding $200 per hour to experienced attorney due to the brevity and non-substantive nature of the work performed); *S.F.*, 2023 WL 4531187, at *7 (awarding $200 per hour for "substandard" work the quality of which was "commensurate with a junior associate's rate").  The Court does not find the same to be true here, nor does DOE argue that the Firm's work is substandard.  Accordingly, the Court will not apply a lower, across the board hourly rate for all attorneys' hours.

Plaintiffs request an hourly rate of $500 for Tracey Walsh's work in the instant federal action.  Doc. 23 at 6.  A fees action does not call for the special expertise of an IDEA proceeding but merely entails a "well-trod and relatively mechanistic process." *S.F.*, 2023 WL 4531187, at *10.  Plaintiffs offer no reason Ms. Walsh's work on this fee application warrants a higher rate than her work in the underlying IDEA proceeding in

which she specializes.  Doc. 23 at 14–15.  The Court's judgment is that a rate of $375 per hour is reasonable for Ms. Walsh.

Plaintiffs request an hourly rate of $375 for Hermann Walz's work in the instant federal action.  *Id.* at 6.  Courts in this District have awarded Mr. Walz hourly rates of between $300 and $375 for his work in similar proceedings.  *F.R.*, 2023 LEXIS 135815, at *16; *A.B. v. New York City Dep't of Educ.*, No. 20-cv-03129 (SDA), 2021 WL 951928, at *6 (S.D.N.Y. Mar. 13, 2021).  Mr. Walz has more than thirty years of litigation experience.  *See* Doc. 23-13.  Because the extent of Mr. Walz's experience is comparable to that of his co-counsel, Ms. Walsh, the Court finds that the same rate of $375 per hour is reasonable for Mr. Walz.

Plaintiffs request an hourly rate of $175 for Sarah Greisman's work in the instant federal action.  Doc. 23 at 6.  This District has previously awarded Ms. Greisman an hourly rate of $150 for work on a federal fees action.  *J.A. v. New York City Dep't of Educ.*, No. 22-cv-9454 (VEC) (GWG), 2023 WL 5004701, at *6 (S.D.N.Y. Aug. 4, 2023), report and recommendation adopted, No. 22-cv-9454 (VEC), 2023 WL 7273742 (S.D.N.Y. Nov. 3, 2023).  Ms. Greisman graduated from law school in 2022 and has been practicing for less than two years.  *See* Doc. 23-9.  Given Ms. Greisman's limited experience, the Court finds that a rate of $150 per hour is reasonable.  *See J.A.*, 2023 WL 5004701, at *6.

### C.  Reasonable Hours

A claimant is only entitled to recover for hours reasonably expended on the litigation, and not for hours that are excessive, redundant, or otherwise unnecessary.  *Hensley*, 461 U.S. at 433–34.  The Court may reduce the number of hours for which recovery is granted if it finds it cannot credit the prevailing party's representations that a certain number of hours were reasonably expended.  *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).

11

The DOE asks that a 60% reduction be applied to the hours billed by the Firm for work performed in connection to the underlying administrative proceeding, Doc. 25 ¶ 8, and an 80% reduction be applied to hours billed by the Firm for work in the instant federal action. Doc. 26 at 3.

The underlying administrative proceeding in this case comprised of three exhibits and a total of thirty-eight minutes of hearing time. *Id.* at 13. The hearings themselves were uncontested; the issue was the DOE's failure to implement the pendency order, not a challenge by the DOE of the pendency order. *See* Doc 23-4. Yet, the Firm billed 34.27 hours for hearing preparation, the equivalent of fifty-three hours of preparation time for one hour of hearing time. Doc. 28 at 13. This is far more than courts in this District have deemed appropriate for contested matters. *See, e.g.*, *C.B.*, 2019 WL 3162177, at *10–11 (finding that a ratio of six hours of preparation to one hour of proceedings is appropriate).

The DOE highlights what it believes to be "obvious examples of [the Firm's] excessive billing practices." Doc. 28 at 10. The Firm billed 9.96 hours to draft various affidavits, none of which were entered into the record. *Id.* at 13. Another 8.78 hours were billed to "prepare disclosure of evidence," even though the only three exhibits entered into the record—the due process complaint, the amended due process complaint, and the FOFD—required no preparation. *Id.*; *see also* Doc. 23-5.

The Firm appears to occasionally over-bill for insubstantial hearing appearances. Doc. 25 ¶ 17. In one instance, Ms. Walsh billed 0.77 hours to prepare for, appear at, and then review the transcript of a two-minute status hearing at which the parties jointly asked for an extension of the compliance date. *Id.*; *see also* Doc. 23-16. Certain entries raise questions of redundant billing practices. For example, a total of 1.3 hours was billed for the drafting of three separate updates—all made within days of each other—when seemingly nothing had happened in the case. Doc. 28 at 15.

Regarding the instant federal action, the DOE contends that the Firm's "moving papers are remarkably similar to the papers filed in [*J.A.*, 2023 WL 500470]." *Id.* at 11.

The Court takes no position on the accuracy of this assertion but recognizes that a federal fees action is a "well-trod and relatively mechanistic process." *S.F.*, 2023 WL 4531187, at *10.

Rather than engage in a painstaking line-item review of each billing entry, in calculating an appropriate reduction of compensable hours "[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). Courts in this district have applied this strategy numerous times, generally reducing excessive fees by 20% to 50%. *See, e.g.*, *V.W.*, 2022 WL 37052, at *6 (reducing 86.6 hours spent in an administrative action that was not complex by 20%); *see also J.R. v. New York City Dep't of Educ.*, No. 19-cv-11783 (RA), 2021 WL 3406370, at *4–5 (reducing 110.6 hours billed in a comparable administrative action by 20%).

The Court finds—after consideration of the *Johnson* factors and the parties' arguments—that the Firm billed more hours than what the Court would expect an attorney to reasonably expend on this case. For the underlying administrative action, a 20% reduction to the hours is reasonable. For the instant federal action, a 10% reduction is reasonable.

### D. Costs

Plaintiffs request $400 in costs to account for the federal filing fee, which the DOE does not oppose. Accordingly, the Court grants $400 in costs.

13

## IV.    CONCLUSION

The Court grants Plaintiffs' motion for attorneys' fees and costs with the following modifications:  (1) Tracey Walsh, Hermann Walz, and Lauren Druyan are entitled to an hourly rate of $375; (2) Anna Belle Hoots and Sarah Greisman are entitled to an hourly rate of $150; (4) Sonali Sanyal is entitled to an hourly rate of $125; (5) the hours billed by the Firm in the administrative action are reduced by twenty percent, totaling 53.76 hours; (6) the hours billed by the Firm in the federal action are reduced by ten percent, totaling 20.02 hours.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 23, enter judgment, and close the case.

It is SO ORDERED.

Dated:    July 19, 2024
          New York, New York

                                        _____
                                        EDGARDO RAMOS, U.S.D.J.

14